UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

BRIGIDA CERVANTES SANCHEZ,                                          Petitioner,

v.                                                        Civil Action No. 4:26-cv-109-RGJ

JASON WOOSLEY, et al.,                                              Respondents.

\* \* \* \* \*

### ORDER TO SHOW CAUSE

Petitioner Brigida Cervantes Sanchez, by counsel, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241.  Upon review of the petition, it is **ORDERED** as follows:

(1)     The Clerk of Court **shall** serve the United States Attorney for the Western District of Kentucky electronically at the following email address:  ben.schecter@usdoj.gov.

(2) The Clerk of Court **shall forward by certified mail, return receipt requested** one copy of the petition (Docket No. 1) and this Order on Respondent Jason Woosley, Grayson County Jailer.

(3)     The Court finds good cause under 28 U.S.C. § 2243 to set the schedule for the return and hearing as set forth below.

(4)      **On or before March 5, 2026**, Respondents shall **SHOW CAUSE** why the writ of habeas corpus should not be granted.  *See* 28 U.S.C. § 2243; Fed. R. Civ. P. 6(a).

(5)     Petitioner may reply, if necessary, to Respondents **on or before March 9, 2026**.

(6)     The parties shall appear before this Court for a hearing on the petition on **March 10, 2026, at 11:00 a.m.** Eastern Time at the U.S. Courthouse in Louisville, Kentucky. <u>If there are no evidentiary issues and the parties wish to forgo a hearing and submit the matter on the papers, the parties may file a joint motion, and the Court will remand the hearing date.</u>

Petitioner may appear by Zoom if the option is available with the Grayson County Jail and so long as Petitioner's appearance is not required as set forth in the following paragraph. Counsel may contact the Court's case manager, Ms. Andrea Morgan, at Andrea_Morgan@kywd.uscourts.gov to arrange for both Counsel for the Petitioner and the Petitioner to appear on Zoom.

(7)    Petitioner must notify the Court **on or before 12:00 PM March 5, 2026,** if an interpreter is necessary for the Show Cause Hearing.

(8)    "Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained." 28 U.S.C. § 2243. If the Petitioner asserts that there are issues of fact necessary to be addressed in the hearing, then they shall inform the Respondents by **March 5, 2026, and the Respondent shall produce the body of the person detained at the hearing.**

(9)    In conjunction with each of their separate briefs, the Parties shall provide the following documents to the Court *as applicable*. The Court recognizes that not all the documents stated below will apply or be relevant. However, to the extent appliable, the Court requests: (1) Form I-220A Order of release on Recognizance; (2) Form I-862 Notice to Appear; (3) Form I-863 Notice of Referral to Immigration Judge; (4) Form I-200 Warrant for Arrest; (5) Form I-94 Arrival/Departure Record; (6) Form I-286 Notice of Custody Determination; (7) Form I-867AB Record of Sworn Statement in Proceeding; (8) Form I-860 Notice and Order of Expedited Removal; (9) Form I-247 Notice of Temporary Inadmissibility; (10) Form I-238 Notice of Permanent Inadmissibility; (11) Any work authorization or adjustment of status petitions such as an I-765 or an I-360; (12) And any other related immigration documents the Parties believe may be applicable.

(10) As part of their briefs, the Parties shall address the following issues, *as applicable*. The Court recognizes that not all the questions below will apply or be relevant. However, to the extent applicable, the Court requests that the Parties address the following: (1) Where did Sanchez enter the United States? (2) Was Sanchez examined by a Customs and Border Patrol Officer ("CBP") or immigration officer at that time, if not, has Sanchez ever presented herself to a CBP or immigration officer for inspection or examination, when and where? (3) How long has Sanchez been present in the United States? (4) Did Sanchez receive a Notice To Appear, and if so, when was it received? (5) Has Sanchez ever been Admitted or Paroled into the country, and if so, what documentation does Sanchez have? (6) Did Sanchez receive an I-94 form? (7) What forms, if any, did CBP, DHS, or ICE provide to Sanchez, and when and how were those forms served? (8) Were the forms provided, or read, in Sanchez's native language? (9) Has Sanchez been referred for a 1229a proceeding, or in the alternative, where does Sanchez currently stand in the removal process? (10) Where and how was Sanchez detained, and what documents were provided at the time of detention? (11) Has Sanchez received a Form I-200 Warrant for Arrest? (12) Has Sanchez appeared in front of an Immigration Judge, and if so, when and for what purpose? (13) Has Sanchez ever been granted a bond hearing, if so, what were the results of such hearing? (14) Has Sanchez applied for any adjustment of status or work authorization permit, and if so, what is the current status of the application(s)? And, if she has a work permit or visa, has she ever been notified that it has been cancelled?

Date: March 2, 2026

cc: Counsel
Respondents, as directed above
U.S. Attorney, WDKY, as directed above 4415.010

Rebecca Grady Jennings, District Judge
United States District Court